

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-13-00133-CR

**IN RE JAMES DEWAYNE MCHENRY**

**Original Proceeding**

**MEMORANDUM OPINION**

Relator's application for writ of mandamus[1] against a *former* district judge is dismissed for lack of jurisdiction.[2]  *See* TEX. GOV'T CODE ANN. § 22.221(b)(1) (West 2004) (providing that court of appeals may issue writ of mandamus against "a judge of a

---

[1] Relator's (petition) for writ of mandamus has several procedural deficiencies.  It does not include the certification required by Rule of Appellate Procedure 52.3(j).  *See* TEX. R. APP. P. 52.3(j).  It lacks an appendix and a certified or sworn record, as required by Rules 52.3(k) and 52.7(a)(1).  *See id.* 52.3(k), 52.7(a)(1).  And, it lacks proof of service on the Real Party in Interest (the State of Texas, by the District Attorney for Navarro County).  A copy of all documents presented to the Court must be served *on all parties* to the proceeding and must contain proof of service.  *Id.* 9.5; 52.2.  Because of our disposition and to expedite it, we will implement Rule 2 and suspend these rules in this proceeding only.  *Id.* 2.

[2] Relator states that Respondent appointed Damara H. Watkins to represent Relator in his Chapter 64 post-conviction proceeding for DNA testing and alleges that Watkins has not communicated with Relator about his proceeding.  Relator asserts that he filed a motion to appoint new counsel, and Respondent denied the motion.  Relator seeks mandamus relief in the form of compelling Respondent to appoint new counsel.

district or county court in the court of appeals district").  Relator alleges that

Respondent, the Honorable John H. Jackson, is the presiding judge of the 13th District

Court, but he has not been the presiding judge of the 13th District Court since 2008.  We

do not have jurisdiction to issue a writ of mandamus against a former district judge.[3]

*See id.*


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
        (Chief Justice Gray dissents with a note)*
Petition dismissed
Opinion delivered and filed May 16, 2013
Do not publish
[OT06]

        *(Chief Justice Gray respectfully dissents.  He notes that McHenry's petition
raises enough red flags about the DNA appeal that he would request a response so that
the District Attorney could explain, if appropriate, why this proceeding is not moving
forward.  A separate opinion will not issue.)

---

[3] Rule of Appellate Procedure 7.2(a) is not applicable by its own terms.  *See* TEX. R. APP. P. 7.2(a) ("When a public officer is a party in an official capacity to an appeal or original proceeding, and if that person ceases to hold office before the appeal or original proceeding is finally disposed of, the public officer's successor is automatically substituted as a party if appropriate.").